IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| BASKLOOFS STONE, INC. d/b/a DEBEER GRANITE & MARBLE,<br><br>    Plaintiff,<br><br>v.<br><br>TRUIST BANK, INC. and TECHNOLOGY INSURANCE COMPANY d/b/a AMTRUSTCYBER,<br><br>    Defendants. | CIVIL ACTION NO.:<br>3:25-cv-00256-LMM |

**TECHNOLOGY INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE OUT OF TIME**

Defendant Technology Insurance Company ("AmTrust") opposes Plaintiff's Motion for Leave to File Out of Time and to Set Aside Default. Plaintiff Baskloofs Stone, Inc. d/b/a De Beer Granite & Marble ("de Beer") seeks to excuse its complete failure to respond to a properly served counterclaim by characterizing counsel's ignorance of federal procedural rules as good cause. The Court should deny this motion because Plaintiff has failed to demonstrate good cause to set aside default; counsel's conduct was culpable; AmTrust will suffer prejudice from the delay; and permitting such neglect would undermine the integrity of federal procedural rules.

1

## FACTUAL AND PROCEDURAL BACKGROUND

De Beer filed the Complaint in this Federal Court on December 3, 2025. AmTrust's deadline to respond was initially December 26, 2025, but it was extended by a consent motion and order to January 26, 2026. On January 26, 2026, AmTrust timely filed its Answer and Counterclaim. Pursuant to Fed. R. Civ. P. 12, Plaintiff was required to respond to the counterclaim within twenty-one days. Accordingly, Plaintiff's response to the counterclaim was due on or before February 16, 2026.

Plaintiff failed to file any response to the counterclaim by the deadline. On February 27, 2026, AmTrust moved for entry of default against Plaintiff for its failure to respond to the counterclaim. Almost three weeks later, on March 18, 2026, Plaintiff filed a Consent Motion for Leave [Doc. 20] to file an out-of-time responsive pleading to AmTrust's Application for entry of default, which this Court granted on the same day [Doc. 21]. On March 20, 2026, Plaintiff filed its Motion for Leave to File Out of Time its response to AmTrust's Counterclaim [Doc. 23].

## ARGUMENT

I.    **Plaintiff Has Failed to Demonstrate Good Cause to Set Aside Default**

Under Fed. R. Civ. P. 55(a), if a party fails to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk **must** enter a default. The Court, however, may set aside a default for **good cause**. Fed. R. Civ. P. 55(c). Courts

2

generally consider the following factors in evaluating "good cause": (1) whether the default was culpable or willful; (2) whether the defaulting party acted promptly to vacate the default; (3) whether setting aside the default would prejudice the adversary; (4) whether the defaulting party presents a meritorious defense; (5) whether public interest is implicated; and (6) whether there was significant financial loss to the defaulting party. *Savoia-Mchugh v. Glass*, 95 F.4th 1337, 1342 (11th Cir. 2024); *Caro v. HG Wellness, LLC (In re Caro)*, 657 B.R. 888, 894 (Bankr. M.D. Fla. 2024). The defaulting party bears the burden of establishing that it has good cause to set aside the default. *Id*. Here, Plaintiff has not carried its burden of establishing good cause under Rule 55(c), as the relevant factors weigh against setting aside the default, and the default should remain in place.

### A. Plaintiff's Default was Culpable or Willful and Untimely in Seeking Relief

According to Plaintiff's counsel, the failure to respond to the counterclaim was solely due to being accustomed to practicing in Georgia state court [Doc. 23, p. 5]. This explanation does not constitute good cause; rather, it demonstrates culpable neglect. Federal courts have consistently held that an attorney's unfamiliarity with federal procedural rules constitute culpable conduct, not excusable neglect or good cause. See, *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 887 (9th Cir. 2001) (failure of attorney to read the clear language of the federal rules of civil

procedure did not amount to good cause to set aside an entry of default); *Allemand Boat Co. v. Kirk*, 141 F.R.D. 438, 442 (E.D. La. 1992), *aff'd without opinion*, 979 F.2d 1533 (5th Cir. La., 1992) ("abundance of case law exists refusing clients whose attorney's carelessness, neglect, and ignorance of the procedural rules resulted in default judgments. Moreover . . . a party is bound by the actions (or inactions) of an attorney freely chosen by him or her."). "Moreover, alleged ignorance of the law by an attorney is insufficient to justify setting aside the entry of default." *Newlin v. Winchester (In re Newlin)*, 416 B.R. 911, 915 (Bankr. M.D. Ga. 2009) (quoting *Turner Broadcasting System, Inc. v. Sanyo Electric., Inc. et. al.*, 33 B.R. 996, 1001 (N.D. Ga. 1983)).

The case relied upon by Plaintiff, *Perez v. Wells Fargo N.A.*, 774 F.3d 1329 (11th Cir. 2014), is wholly distinguishable. As Plaintiff acknowledges, the plaintiff in *Perez* originally filed her action in Georgia state court, which was subsequently removed to federal court by the defendant. Here, by contrast, Plaintiff made the deliberate choice to file this action in federal court. Having made that election, Plaintiff and its counsel are bound by Federal Rules of Civil Procedure, and ignorance of those rules cannot constitute good cause for failing to comply with them.

The other case relied upon by Plaintiff, *Wortham v. Brown*, No. CV 214-105, 2015 U.S. Dist. LEXIS 60051, 2015 WL 2152826 (S.D. Ga. May 7, 2015), actually underscores the inadequacy of Plaintiff's response here. In *Wortham*, the plaintiff moved to avoid the entry of default on the very next day after the defendant moved for entry of default. As the court specifically noted, "Wortham acted quickly and filed a motion seeking to avoid the entry of default and to file an answer to the counterclaim as soon as the issue was brought to his attention." Id. at *8. Plaintiff's conduct here stands in stark contrast.

Plaintiff's response to AmTrust's Counterclaim was due on February 16, 2026. AmTrust filed its Application for Entry of Default on February 27, 2026, and on March 4, 2026, AmTrust's counsel submitted an affidavit in further support of that Application. Rather than acting promptly as the plaintiff did in *Wortham*, Plaintiff failed to take any action or even contact AmTrust's counsel until March 12, 2026, nearly two weeks after the Application was filed, and more than a week after the supporting affidavit was submitted. Plaintiff then waited yet another six days before filing on March 18, 2026 (more than a month after its answer to the Counterclaim was due and nearly three weeks after the Application for Default was filed), its Consent Motion for Leave to file a responsive pleading [Doc. 20].

Taken together, the circumstances here compel denial of Plaintiff's Motion for Leave to File Out of Time [Doc. 23]. Plaintiff made the affirmative choice to litigate in federal court. The proffered explanation of habitual practice in state court does not constitute good cause. Moreover, even after AmTrust brought the default to Plaintiff's attention by filing its Application, Plaintiff failed to take any action for weeks. This is not the prompt, good-faith response that courts have credited in cases like *Wortham*. Because Plaintiff has filed to demonstrate good cause and because its delay was also culpable and untimely, the entry of default should be formally entered, and AmTrust should be provided with the opportunity to proceed with its Motion for Default Judgment.

## B. AmTrust Will Suffer Prejudice If the Default is Set Aside

Contrary to Plaintiff's assertions, setting aside the entry of default would cause AmTrust real and tangible prejudice, that is prejudice that flows directly from Plaintiff's own dilatory conduct, not from any act or omission by Amtrust.

First, AmTrust has already been prejudiced by Plaintiff's failure to timely respond to its Counterclaim. AmTrust filed its Counterclaim to have its affirmative claims adjudicated alongside Plaintiff's claim in a single, orderly proceeding. Plaintiff's failure to respond deprived AmTrust of that orderly process and forced it to take additional procedural steps at its own expense simply to preserve rights it had

already properly asserted. Those steps included preparing and filing its Application for Entry of Default, preparing and filing a supporting affidavit, and preparing and filing this opposition to Plaintiff's Motion for Leave. These are costs and burdens that AmTrust would never have incurred but for Plaintiff's default. The expenditure of time and resources to pursue relief should have been unnecessary and is itself a cognizable form of prejudice. *See Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 720 (6th Cir. 2012) (unnecessary delay and expense constitutes prejudice).

Second, setting aside the default would further disrupt the orderly management of this litigation and reward Plaintiff's dilatory conduct. Plaintiff allowed more than a month to pass after its answer to the Counterclaim was due before seeking any formal relief from the Court.

Finally, to the extent the Court is inclined to set aside the default, AmTrust respectfully submits that any such relief should be conditioned upon Plaintiff's reimbursement of the fees and costs AmTrust incurred in filing its Application for Entry of Default, the supporting affidavit, and the instant opposition. Awarding such fees and costs would partially remedy the prejudice AmTrust has suffered and would deter the kind of procedural neglect that caused that prejudice in the first place. *See*

*Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989) (noting that courts may impose conditions, including fee awards, when granting relief from default).

### C. Plaintiff Has Not Demonstrated a Meritorious Defense

Plaintiff's purported defense to the Counterclaim consists largely of legal arguments regarding policy interpretation. These arguments do not constitute factual allegations that would be deemed admitted upon default, as the construction and interpretation of an insurance contract is a question of law for the Court. *Crumbliss v. Northwestern Mut. Life Ins. Co*., 455 F.Supp.3d 1376, 1382 (N.D. Ga. 2020). Default does not operate as an admission of legal conclusions, and Plaintiff would not be precluded from advancing its interpretation of the policy even if default were entered. Indeed, Plaintiff's extensive discussion of policy interpretation in its motion underscores that it has not presented a meritorious defense but rather asserts legal arguments that are not affected by the entry of default.

To the extent Plaintiff attempts to assert factual defenses, those defenses are neither clearly articulated nor supported. Plaintiff has failed to demonstrate the existence of any meritorious factual defense that would be lost if default were entered. It provides no factual basis for its assertion that the policy language is ambiguous and identifies no extrinsic evidence that would support its interpretation. Instead, the defenses set forth in the motion amount to nothing more than a

disagreement with AmTrust's legal position, which is insufficient to establish a meritorious defense for purposes of setting aside default.

Moreover, it now appears that Plaintiff's Complaint should be dismissed in its entirety against AmTrust as this Court does not have subject matter jurisdiction. Plaintiff concedes that the amount in controversy between Plaintiff and AmTrust is at most $50,000 [Doc. 23, p. 11], well below the $75,000 threshold required to invoke diversity jurisdiction under 28 U.S.C. § 1332. *See Ind. Lumbermens Mut. Ins. Co. v. Lumber One Wood Preserving, LLC*, No. 3:13-cv-1978-AKK, 2014 U.S. Dist. LEXIS 129200, at *5-6 (N.D. Ala. Sep 16, 2014) (when liability among defendants is several, a plaintiff cannot aggregate its claims against multiple defendants to satisfy the amount-in-controversy requirement). Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims and AmTrust should be dismissed.

### D. Public Policy Does Not Favor Rewarding Procedural Negligence

While courts generally prefer to resolve cases on the merits, this preference is not absolute and must be balanced against the need to enforce procedural rules and ensure the orderly administration of justice. Allowing parties to disregard filing deadlines without consequence would encourage dilatory tactics and procedural gamesmanship. The Federal Rules of Civil Procedure establish clear deadlines for

9

responding to pleadings, see Fed. R. Civ. P. 12, and these deadlines serve important purposes in promoting the efficient resolution of disputes.

## II.   Conclusion

Plaintiff has failed to demonstrate good cause to set aside the default. More importantly, Plaintiff has now confirmed that the amount in controversy as to AmTrust is, at most, $50,000, well below the threshold required for diversity jurisdiction. As such, this Court lacks subject matter jurisdiction and, accordingly, must dismiss Plaintiff's Complaint against AmTrust.

WHEREFORE, Defendant AmTrust respectfully requests that the Court deny Plaintiff's Motion for Leave to File Out of Time, dismiss Plaintiff's claims against AmTrust for lack of subject matter jurisdiction, and award such other and further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of April, 2026.

**Bovis, Kyle, Burch & Medlin, LLC**

200 Ashford Center North
Suite 500
Atlanta, Georgia 30338-2680
(770) 391-9100
kjackson@boviskyle.com
kso@boviskyle.com

/s/ Kim M. Jackson
Ga. State Bar No. 387420

/s/ Kathy C. So
Ga. State Bar No. 660077

Attorneys for Defendant Technology
Insurance Company, Inc.

10

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that the foregoing **Response in Opposition to Plaintiff's Motion for Leave** has been prepared in 14-point size Times New Roman font, in accordance with L.R. 5.1.

Respectfully submitted this 3rd day of April, 2026.

**Bovis, Kyle, Burch & Medlin, LLC**

<u>/s/ Kim M. Jackson</u>
Ga. State Bar No. 387420

200 Ashford Center North
Suite 500
Atlanta, Georgia 30338-2680
(770) 391-9100
kjackson@boviskyle.com
kso@boviskyle.com

<u>/s/ Kathy C. So</u>
Ga. State Bar No. 660077

Attorneys for Defendant Technology Insurance Company, Inc.

11