IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| BASKLOOFS STONE, INC., *doing business as* Debeer Granite & Marble, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:25-cv-00256-LMM |
| TRUIST BANK, INC., and TECHNOLOGY INSURANCE COMPANY, *doing business as* Amtrustcyber, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Defendant/Counter Claimant Technology Insurance Company's Motion for Clerks Entry of Default [18] and Plaintiff/Counter Defendant Baskloofs Stone, Inc.'s Motion for Leave to File Answer Out of Time [23]. Plaintiff originally filed this suit against Defendants due to an alleged third-party fraudulent wire transfer from its accounts, and Plaintiff brought a claim against Defendant Technology Insurance Company d/b/a AmTrustCyber ("AmTrust") for breach of contract for refusing insurance coverage. Dkt. No. [1]. The present action arises out of Defendant AmTrust's declaratory judgment counterclaim against Plaintiff, asking the Court to declare that the parties' agreement does not grant Plaintiff coverage for its claims. Dkt. No. [14] at 29–33. Plaintiff failed to respond to the counterclaim within the 21-

day response window, so AmTrust moved for Clerks Entry of Default on February 27, 2026. Dkt. No. [18]. On March 18, 2026, a consent motion to allow Plaintiff to file a responsive pleading to AmTrust's Motion for Clerks Entry of Default was filed, and the Court granted it on the same day. Dkt. Nos. [20, 21]. And on March 20, 2026, Plaintiff filed a Motion for Leave to File Answer Out of Time and Response to Application for Default. Dkt. No. [23]. Plaintiff argues that good cause exists for the Court to decline to enter Default. Id. AmTrust opposes the Motion, arguing that Plaintiff has not shown good cause. Dkt. No. [24].

The Court agrees with Plaintiff. "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In exercising discretion to determine "'good cause,' courts consider, among other things, factors such as whether the default was willful, whether the defaulting party would have a meritorious defense, and whether setting aside the default would result in prejudice to the non-defaulting party." Royal Caribbean Cruises Ltd. v. Royalcaribean.com, 680 F. App'x 874, 879 (11th Cir. 2017). Here, after reviewing the factors, the Court finds good cause to decline entry of Default. Ultimately, given the brief time period between Defendant moving for entry of Default and Plaintiff's Motion, the Court does not find that setting aside the Default would result in undue prejudice to Plaintiff. The Court also finds no evidence that Plaintiff's failure to respond was willful, and Plaintiff otherwise has been actively pursuing its case. Finally, the Court does not find that awarding AmTrust expenses for seeking Default is appropriate at this time.

3

Accordingly, Defendant Technology Insurance Company's Motion for Clerks Entry of Default [18] is **DENIED** and Plaintiff's Motion for Leave to File Answer Out of Time [23] is **GRANTED**. Plaintiff has 14 days from the date of this order to file its answers.


      **IT IS SO ORDERED** this 27th day of April, 2026.

**Leigh Martin May**
**Chief United States District Judge**