IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BASKLOOFS  STONE,  INC.  d/b/a DEBEER GRANITE & MARBLE, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | 3:25-cv-00256-LMM |
| v. | ) ) | |
| TRUIST BANK, INC., and TECHNOLOGY INSURANCE COMPANY d/b/a AMTRUSTCYBER, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-SURREPLY TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Defendant Truist Bank d/b/a Truist Bank, Inc. ("Truist") respectfully moves for leave to file the attached proposed Sur-Surreply in Support of its Motion to Compel Arbitration, attached hereto as **Exhibit A**. In support of this Motion for Leave, Truist states the following:

On January 23, 2026, Truist moved to compel arbitration in this action (the "Motion"). (Dkt. No. 13). Plaintiff opposed the Motion, arguing, that "the 2023 version fails for lack of consideration, as the counterpromises made by Truist are illusory; and the 2025 version fails for lack of proper acceptance." (Dkt. No. 15 at 6.)  Plaintiff specifically argued that it had not accepted the 2025 CBSA because Truist had not shown that a notice of changes was sent to Plaintiff. (*Id.* at 12–13.)

1

On reply in support of its Motion, Truist submitted clear evidence to the contrary with the Supplemental Declaration of Andraco Bohannon (Dkt. No. 16-1), to which it attached Plaintiff's bank account statement providing notice that changes were being made to the 2025 CBSA, including changes to the arbitration agreement. (*Id.* at 7–9.) Truist also attached account statements showing that Plaintiff continued to use its account after receiving notice of the changes to the CBSA, constituting its consent to those changes. (*Id.* at 12–20.)

On April 27, 2026, the Court issued its order denying in part and deferring in part its ruling on the Motion, and ordered Plaintiff to file a surreply "that is limited to addressing" issues related to the new arguments and evidence Truist attached to its reply brief regarding Plaintiff's acceptance of the 2025 CBSA. (Dkt. No. 27 at 6.) Notwithstanding this instruction, in its surreply (Dkt. No. 30), Plaintiff asserted a new argument and new evidence outside of its opposition and Truist's reply brief – that it did not assent to the 2025 CBSA in part because it was separately obligated to maintain a deposit account under terms of loan agreements it had with Truist. (*Id.* at 3–4.) Because these arguments and evidence were raised for the first time in Plaintiff's surreply, Truist is deprived of any prior opportunity to respond.

Truist acknowledges that surreplies and sur-surreplies are not to be filed as a matter of course. However, the Court has discretion to allow a sur-surreply if it responds to new evidence, facts, or arguments. *See Webb v. Astrue*, 525 F. Supp. 2d

2

1239, 1334 (N.D. Ga. 2007) (granting leave to file sur-reply where new argument was raised and new evidence attached to reply brief). A sur-surreply is warranted here to address the new arguments raised in Plaintiff's Surreply.

Truist therefore respectfully requests that the Court grant this Motion for Leave and accept the Sur-Surreply attached as **Exhibit A** for filing and consideration.

Respectfully submitted this 21st day of May, 2026.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Nancy H. Baughan*
Nancy H. Baughan
Georgia Bar No. 042575
Rachel C. Bramblett
Georgia Bar No. 896738
Promenade Tower, Suite 2000
1230 Peachtree Street N.E.
Atlanta, Georgia 30309
Telephone: (404) 868-2100
Email: nbaughan@bradley.com
        rbramblett@bradley.com

*Counsel for Defendant Truist Bank*

3

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the I certify that the foregoing document has been prepared in conformity with Local Rule 5.1(B). This Motion has been prepared with Times New Roman (14-point) type, with top, bottom, left, and right margins of one (1) inch. This Motion is proportionally spaced and does not exceed twenty-five (25) pages.

This 21st day of May, 2026.

/s/ Nancy H. Baughan
Nancy H. Baughan

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day caused to be served a copy of the within and foregoing **DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-SURREPLY TO DEFENDANT'S MOTION TO COMPEL ARBITRATION** upon all parties to this matter by electronically filing same with the Clerk of Court using the Court's CM/ECF system, which will send email notification to all counsel of record in this action.

This 21st day of May, 2026.

*/s/ Nancy H. Baughan*
Nancy H. Baughan