**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| **BASKLOOFS STONE, INC. d/b/a DEBEER GRANITE & MARBLE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | |
| | ) | **3:25-cv-00256-LMM** |
| **TRUIST BANK, INC., and TECHNOLOGY INSURANCE COMPANY d/b/a AMTRUSTCYBER,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION TO VACATE ORDER COMPELLING ARBITRATION, LIFT STAY, AND RESTORE CASE TO THE ACTIVE LITIGATION DOCKET**

Plaintiff Baskloofs Stone, Inc. d/b/a deBeer Granite & Marble ("de Beer"), by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 54(b), the Court's inherent authority over its own interlocutory orders, and 9 U.S.C. § 3, to vacate its Order of May 26, 2026 (Dkt. No. 34) granting Defendant Truist Bank, Inc.'s ("Truist") Motion to Compel Arbitration and to Dismiss or Stay (Dkt. No. 13), to lift the stay entered thereunder, and to restore this case to the Court's active litigation docket. In support of this Motion, de Beer submits the accompanying Brief in Support and Statement of Undisputed Material Facts, both incorporated herein by reference, and shows the Court as follows:

**1. Grounds for the Motion**

First, the arbitration provision Truist invoked to obtain the May 26, 2026 Order was imposed on de Beer through a unilateral "change of terms" notice sent after de Beer's claims against Truist had already accrued and were already known to Truist. Persuasive authority from numerous jurisdictions — not previously called to this Court's attention — holds that such retroactive impositions of arbitration on accrued or known claims are illusory, unenforceable, and contrary to the implied covenant of good faith and fair dealing. See Brief in Support, Part IV.A.

Second, and independently, in the three months since obtaining the stay, Truist has taken no step whatsoever to initiate or prosecute the very arbitration it insisted upon, notwithstanding that 9 U.S.C. § 3 conditions a stay on the movant not being "in default in proceeding with such arbitration." Truist's continued silence, considered together with Truist's issuance, on August 25, 2026, of a further amended agreement that expressly disclaims retroactivity and abandons the very account-closure compulsion mechanism it relied upon here, confirms that the arbitration provision enforced by the May 26, 2026 Order was never a routine business practice but was contrived to reach this specific, already-accrued dispute. See Brief in Support, Part IV.B.

Because the May 26, 2026 Order is an interlocutory order staying, rather than dismissing, this action, it does not constitute a final judgment and remains subject to revision by this Court "at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b); see also Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1315 (11th Cir. 2000). Relief is therefore properly and timely sought by this Motion notwithstanding the twenty-eight day period referenced in Local Rule 7.2(E) for motions for reconsideration, which by its own terms applies to reconsideration of "orders," not to a district court's separate and broader inherent authority — and independent statutory authority under 9 U.S.C. § 3 — to revisit a non-final interlocutory stay in light of intervening developments and previously unpresented authority.

**2. Relief Requested**

WHEREFORE, de Beer respectfully requests that the Court:

a. Vacate its Order of May 26, 2026 (Dkt. No. 34) granting Truist's Motion to Compel Arbitration and to Dismiss or Stay (Dkt. No. 13);

b. Lift the stay of this action as to Defendant Truist Bank, Inc.;

c. Restore de Beer's claims against Truist to the Court's active litigation docket and set a scheduling conference or enter a scheduling order; and

d. Grant such other and further relief as the Court deems just and proper.

## CONCLUSION

Plaintiff's motion should be granted, and this matter should be restored to the active docket following the vacating of the order staying this case.

Respectfully submitted, this 10th day of September, 2026.

FGP LAW, LLC

/s/ Frank G. Podesta
Frank G. Podesta
Georgia Bar No. 496530
fpodesta@fgplaw.com

555 Sun Valley Drive
Suite N-3
Roswell, Georgia 30076
678.677.5143 (voice)
678.222.0123 (facsimile)
*Attorneys for de Beer*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Motion to Vacate** was prepared using 14 Point Times New Roman Font, and that on September 10, 2026, I filed and served the foregoing with the Clerk of Court and upon all counsel of record via this Court's CM/ECF Electronic Case Filing System.

Respectfully submitted, this 10th day of September, 2026.

FGP LAW, LLC

/s/ Frank G. Podesta
Frank G. Podesta
Georgia Bar No. 496530