**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| **BASKLOOFS STONE, INC. d/b/a DEBEER GRANITE & MARBLE,** | ) | |
| **Plaintiff,** | ) | **Civil Action No.** |
| **v.** | ) | **3:25-cv-00256-LMM** |
| **TRUIST BANK, INC., and TECHNOLOGY INSURANCE COMPANY d/b/a AMTRUSTCYBER,** | ) | |
| **Defendants.** | ) | |

**<u>PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION TO VACATE ORDER COMPELLING ARBITRATION AND LIFT STAY</u>**

Plaintiff Baskloofs Stone, Inc. d/b/a deBeer Granite & Marble ("de Beer") submits the following Statement of Undisputed Material Facts in support of its Motion to Vacate Order Compelling Arbitration, Lift Stay, and Restore Case to the Active Litigation Docket. Because the Eleventh Circuit applies the summary-judgment standard to the existence and scope of an arbitration agreement, see Magnolia Cap. Advisors, Inc. v. Bear Stearns & Co., 272 F. App'x 782, 785–86 (11th Cir. 2008), de Beer identifies below the material facts, each supported by the record, that are not genuinely in dispute.

**A. The Underlying Loss and Accrual of de Beer's Claims**

1. De Beer has at all relevant times been a banking client of Truist. (Dkt. No. 1 ¶ 9.)

2. On April 23, 2025, an unknown third party caused Truist to wire $298,758.00 out of de Beer's Truist account ending in ***0166 to an unknown recipient. (Dkt. No. 1 ¶¶ 14, 21.)

3. De Beer notified Truist of the compromise of its account and requested that Truist bar and then reverse the transmission, beginning as early as April 24, 2025, and continuing through April 25, 2025, including written communications at 2:16 p.m., 3:09 p.m., and 4:45 p.m. on April 25, 2025. (Dkt. No. 1 ¶¶ 15, 23–29.)

4. Truist personnel, including relationship manager Christopher Benjamin and relationship officer Michelle Nasworthy, acknowledged de Beer's reports of the compromise in real time on April 25, 2025. (Dkt. No. 1 ¶¶ 18–19, 25–26.)

5. Notwithstanding de Beer's warnings, Truist executed or completed the transmission of the funds to the third party's account. (Dkt. No. 1 ¶¶ 30, 34.)

6. De Beer's causes of action against Truist for negligence, gross negligence, and breach of fiduciary duty arise from, and accrued upon, this April 23–25, 2025 wire-transfer loss. (Dkt. No. 1, Counts I–III.)

7. De Beer filed its Complaint on December 3, 2025, more than seven months after its claims against Truist accrued. (Dkt. No. 1; CM/ECF Docket, 3:25-cv-00256-LMM.)

**B. Truist's 2025 CBSA Arbitration Amendment**

8. Truist moved to compel arbitration relying on a 2025 version of its Commercial Bank Services Agreement ("2025 CBSA"), which Truist contended de Beer accepted by continuing to use its account after receiving a change-of-terms notice. (Dkt. No. 13; Dkt. No. 16 at 3–4; Dkt. No. 34 at 2, 4.)

9. The notice on which Truist relied stated that "[c]ontinued use of [de Beer's] account after the effective date constitutes [de Beer's] acceptance of these changes," and that "[a]ll future transactions on your account will be governed by the amended CBSA." (Dkt. No. 16-1 at 3, 9; Dkt. No. 30 at 4–6.)

10. The arbitration agreement Truist has sought to enforce originated in the 2023 version of the CBSA and was not itself among the discrete "changes" that the 2025 notice specifically identified for acceptance.

(Dkt. No. 30 at 4–5, comparing Dkt. No. 13-1 at 15–19 with id. at 54–59.)

11. This Court found that de Beer accepted the 2025 CBSA — including the arbitration agreement carried forward from 2023 — by continuing to use its Truist account after the notice, and on that basis granted Truist's motion to compel arbitration and stayed this action as to Truist on May 26, 2026. (Dkt. No. 34 at 4–7.)

12. The record does not reflect, and Truist did not represent to the Court, that the 2025 CBSA notice or its arbitration terms expressly excluded, or were limited so as not to reach, claims that had already accrued or were already known to Truist as of the notice's effective date. (Dkt. Nos. 13, 16, 34.)

13. No evidence previously before the Court addressed the persuasive case law, discussed in Plaintiff's contemporaneous Brief in Support, holding that a bank or employer may not use a general change-of-terms or amendment provision to impose a new or continued arbitration obligation reaching claims that have already accrued or become known to the drafter. (Dkt. Nos. 15, 30, 34.)

**C. Truist's Post-Order Conduct and August 25, 2026 Notice**

14. Since the entry of the May 26, 2026 Order, the record contains no filing, notice, or representation by Truist that it has served a Notice of Pre-Arbitration Dispute, initiated an informal dispute resolution conference, filed a demand with the American Arbitration Association, or otherwise taken any step to advance arbitration of de Beer's claims. (CM/ECF Docket, 3:25-cv-00256-LMM, entries through August 27, 2026.)

15. On or about August 25, 2026 — approximately three months after obtaining the stay — Truist issued a new notice titled “Important update to the Truist Online and Mobile Banking Business Service Agreement.” (260825 Email re Important Update to the Truist Online and Mobile Banking Business Service Agreement.)

16. Unlike the 2025 CBSA notice Truist relied upon in this action, the August 25, 2026 notice is not retroactive. (Id.)

17. The August 25, 2026 notice does not condition a customer's continued banking relationship, or the availability of favorable account terms, on acceptance of the amendment in the manner the 2025 CBSA notice was represented to have done. (Id.)

**D. Procedural Posture**

18. The May 26, 2026 Order granted Truist's Motion to Compel Arbitration and to Dismiss or Stay and stayed — rather than dismissed — de Beer's claims against Truist pending arbitration. (Dkt. No. 34 at 7.)

19. No final judgment has been entered as to de Beer's claims against Truist. (CM/ECF Docket, 3:25-cv-00256-LMM.)

20. Truist's own Motion for Reconsideration of a related, earlier order (Dkt. No. 33) and related Motion for Leave to File Sur-Surreply (Dkt. No. 32) were both denied as moot following entry of the May 26, 2026 Order, and neither addressed the accrued-claim/illusory-promise authority or Truist's post-order conduct at issue in the instant Motion. (Dkt. No. 35.)

Respectfully submitted, this 10th day of September, 2026.

FGP LAW, LLC

/s/ Frank G. Podesta
Frank G. Podesta
Georgia Bar No. 496530
fpodesta@fgplaw.com

555 Sun Valley Drive
Suite N-3
Roswell, Georgia 30076
678.677.5143 (voice)
678.222.0123 (facsimile)
*Attorneys for de Beer*