**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| **BASKLOOFS STONE, INC. d/b/a DEBEER GRANITE & MARBLE,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No.** |
| **TRUIST BANK, INC., and TECHNOLOGY INSURANCE COMPANY d/b/a AMTRUSTCYBER,** | ) | **3:25-cv-00256-LMM** |
| **Defendants.** | ) | |

**DEFENDANT TRUIST BANK'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION TO VACATE ORDER COMPELLING <u>ARBITRATION AND LIFT STAY</u>**

Defendant Truist Bank d/b/a Truist Bank, Inc. ("Truist"), pursuant to Fed. R. Civ. P. 56 and N.D. Ga. L.R. 56.1, files its Response to Plaintiff Baskloofs Stone d/b/a DeBeer Granite & Marble's ("de Beer") Statement of Undisputed Material Facts in Support of its Motion to Vacate Order Compelling Arbitration and Lift Stay ("SUMF"). (Doc. 36-2.)

As an initial matter, Truist objects to de Beer's SUMF as procedurally improper and untimely. It is procedurally improper to submit an SUMF in support of de Beer's motion, as SUMFs are permitted only in connection with a motion for summary judgment. N.D. Ga. L.R. 56.1(B)(1) ("A ***movant for summary judgment***

shall include with the motion and brief a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried.") (emphasis added). The SUMF is additionally untimely because it was filed months after the Court already ruled on Truist's Motion to Compel Arbitration filed on January 23, 2026 (Doc. 13) with its May 26, 2026 Order (Doc. 34).

Moreover, de Beer's SUMF is substantively improper because its statements are not proper "facts" that are appropriately part of a statement of material facts, and they "pertain to matters that are not germane to issues before the court." *Furman v. Mann*, No. 1:14-CV-03253-JFK, 2017 WL 11633740, at *3 (N.D. Ga. Aug. 3, 2017). Additionally, de Beer's SUMF fails to follow this Court's Local Rules. "The Court will not consider any fact: (a) not supported by a citation to evidence (including page or paragraph number); [or] (b) supported by a citation to a pleading rather than to evidence[.]" L.R. 56.1(B)(1)(a)–(b). Nearly every statement de Beer makes is supported exclusively by pleadings or a generic citation to the docket. (Doc. 36-2 at ¶¶ 1–14, 18–20.) Worse, several of the statements are supported only by the allegations in de Beer's own complaint, (*Id.* at ¶¶ 1–7) which the Court expressly cannot consider. *Cheatham v. DeKalb County, Georgia*, 682 Fed. Appx. 881, 884–85 (11th Cir. 2017) (statements in a statement of material facts "supported only by citation to Plaintiff's complaint" were "in violation of Local Rule 56.1(B)(1)(b)" and were properly not considered). The only three paragraphs that attempt to cite to

something other than a pleading cite to an unidentified August 25, 2026 notice that de Beer does not attach or otherwise introduce into the record. (Doc. 36-2 at ¶¶ 15–17.) Accordingly, de Beer fails to present a single proper "fact" in its purported Statement of Undisputed Material Facts that the Court can properly consider.

Because de Beer's SUMF is procedurally improper, unquestionably untimely, and substantively improper, the Court should not consider it. Truist sets forth its individualized responses to each statement below.

**A. The Underlying Loss and Accrual of de Beer's Claims**

1. De Beer has at all relevant times been a banking client of Truist. (Dkt. No. 1 ¶ 9.)

**<u>RESPONSE</u>: Truist objects to this statement as untimely and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(b), which states that "[t]he Court will not consider any fact . . . (b) supported by a citation to a pleading rather than to evidence[.]" *Cheatham*, 682 Fed. Appx. at 884–85 (statements in statement of material facts "supported only by citation to Plaintiff's complaint" were "in violation of Local Rule 56.1(B)(1)(b)" and were properly not considered). Nonetheless, Truist does not dispute this statement.**

2. On April 23, 2025, an unknown third party caused Truist to wire $298,758.00 out of de Beer's Truist account ending in ***0166 to an unknown recipient. (Dkt. No. 1 ¶¶ 14, 21.)

**RESPONSE: Truist objects to this statement as immaterial to the legal issues raised by de Beer's Motion to Vacate Order Compelling Arbitration and Lift Stay (Docs. 36 and 36-1) (the "Motion to Vacate"), it is submitted untimely, and is procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(b), which states that "[t]he Court will not consider any fact . . . (b) supported by a citation to a pleading rather than to evidence[.]" The statement is additionally improper because it is supported exclusively by allegations in de Beer's Complaint. *Cheatham*, 682 Fed. Appx. at 884–85 (statements in statement of material facts "supported only by citation to Plaintiff's complaint" were "in violation of Local Rule 56.1(B)(1)(b)" and were properly not considered).**

3. De Beer notified Truist of the compromise of its account and requested that Truist bar and then reverse the transmission, beginning as early as April 24, 2025, and continuing through April 25, 2025, including written communications at 2:16 p.m., 3:09 p.m., and 4:45 p.m. on April 25, 2025. (Dkt. No. 1 ¶¶ 15, 23–29.)

**<u>RESPONSE</u>: Truist objects to this statement as submitted untimely and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(b), which states that "[t]he Court will not consider any fact . . . (b) supported by a citation to a pleading rather than to evidence[.]" The statement is additionally improper because it is supported exclusively by allegations in de Beer's Complaint. *Cheatham*, 682 Fed. Appx. at 884–85 (statements in statement of material facts "supported only by citation to Plaintiff's complaint" were "in violation of Local Rule 56.1(B)(1)(b)" and were properly not considered).**

4. Truist personnel, including relationship manager Christopher Benjamin and relationship officer Michelle Nasworthy, acknowledged de Beer's reports of the compromise in real time on April 25, 2025. (Dkt. No. 1 ¶¶ 18–19, 25–26.)

**<u>RESPONSE</u>: Truist objects to this statement as immaterial to the legal issues raised by the Motion to Vacate, it is untimely, and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(b), which states that "[t]he Court will not consider any fact . . . (b) supported by a citation to a pleading rather than to evidence[.]" The statement is additionally improper because it is supported exclusively by allegations in de Beer's Complaint. *Cheatham*, 682 Fed. Appx. at 884–85 (statements in statement of material facts**

**"supported only by citation to Plaintiff's complaint" were "in violation of Local Rule 56.1(B)(1)(b)" and were properly not considered).**

5. Notwithstanding de Beer's warnings, Truist executed or completed the transmission of the funds to the third party's account. (Dkt. No. 1 ¶¶ 30, 34.)

<u>**RESPONSE**</u>**: Truist objects to this statement as immaterial to the legal issues raised by the Motion to Vacate, it is untimely, and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(b), which states that "[t]he Court will not consider any fact . . . (b) supported by a citation to a pleading rather than to evidence[.]" The statement is additionally improper because it is supported exclusively by allegations in de Beer's Complaint. *Cheatham*, 682 Fed. Appx. at 884–85 (statements in statement of material facts "supported only by citation to Plaintiff's complaint" were "in violation of Local Rule 56.1(B)(1)(b)" and were properly not considered).**

6. De Beer's causes of action against Truist for negligence, gross negligence, and breach of fiduciary duty arise from, and accrued upon, this April 23–25, 2025 wire-transfer loss. (Dkt. No. 1, Counts I–III.)

<u>**RESPONSE**</u>**: Truist objects to this statement as immaterial to the legal issues raised by the Motion to Vacate, it is untimely, and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(b), which**

**states that "[t]he Court will not consider any fact . . . (b) supported by a citation to a pleading rather than to evidence[.]" The statement is additionally improper because it is supported exclusively by allegations in de Beer's Complaint. *Cheatham*, 682 Fed. Appx. at 884–85 (statements in statement of material facts "supported only by citation to Plaintiff's complaint" were "in violation of Local Rule 56.1(B)(1)(b)" and were properly not considered).**

7. De Beer filed its Complaint on December 3, 2025, more than seven months after its claims against Truist accrued. (Dkt. No. 1; CM/ECF Docket, 3:25-cv-00256-LMM.)

**<u>RESPONSE</u>: Truist objects to this statement as immaterial to the legal issues raised by the Motion to Vacate, it is untimely, and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(b), which states that "[t]he Court will not consider any fact . . . (b) supported by a citation to a pleading rather than to evidence[.]" The statement is additionally improper because it is supported exclusively by allegations in de Beer's Complaint and a generic citation to the docket. *Cheatham*, 682 Fed. Appx. at 884–85 (statements in statement of material facts "supported only by citation to Plaintiff's complaint" were "in violation of Local Rule 56.1(B)(1)(b)" and were properly not considered). Nonetheless, Truist does not dispute that de Beer filed its Complaint on December 3, 2025.**

**B. Truist's 2025 CBSA Arbitration Amendment**

8. Truist moved to compel arbitration relying on a 2025 version of its Commercial Bank Services Agreement ("2025 CBSA"), which Truist contended de Beer accepted by continuing to use its account after receiving a change-of-terms notice. (Dkt. No. 13; Dkt. No. 16 at 3–4; Dkt. No. 34 at 2, 4.)

**RESPONSE: Truist objects to this statement as untimely and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(b), which states that "[t]he Court will not consider any fact . . . (b) supported by a citation to a pleading rather than to evidence[.]" Truist states that its Motion to Compel Arbitration and to Dismiss or Stay ("Motion to Compel") is undisputed and speaks for itself. (Doc. 13.) Truist disputes de Beer's characterization of Truist's Motion to Compel to the extent it is inconsistent with the Motion to Compel.**

9. The notice on which Truist relied stated that "[c]ontinued use of [de Beer's] account after the effective date constitutes [de Beer's] acceptance of these changes," and that "[a]ll future transactions on your account will be governed by the amended CBSA." (Dkt. No. 16-1 at 3, 9; Dkt. No. 30 at 4–6.)

**<u>RESPONSE</u>: Truist objects to this statement as immaterial to the legal issues raised by the Motion to Vacate, it is untimely, and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(b), which states that "[t]he Court will not consider any fact . . . (b) supported by a citation to a pleading rather than to evidence[.]" Truist states that its Motion to Compel is undisputed and speaks for itself. (Doc. 13.) Truist disputes de Beer's characterization of Truist's Motion to Compel to the extent it is inconsistent with the Motion to Compel.**

10. The arbitration agreement Truist has sought to enforce originated in the 2023 version of the CBSA and was not itself among the discrete "changes" that the 2025 notice specifically identified for acceptance. (Dkt. No. 30 at 4–5, comparing Dkt. No. 13-1 at 15–19 with id. at 54–59.)

**<u>RESPONSE</u>: Truist objects to this statement as immaterial to the legal issues raised by the Motion to Vacate, it is untimely, and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(b), which states that "[t]he Court will not consider any fact . . . (b) supported by a citation to a pleading rather than to evidence[.]" Truist states that its Motion to Compel is undisputed and speaks for itself. Truist disputes de Beer's characterization**

**of Truist's Motion to Compel to the extent it is inconsistent with the Motion to Compel.**

11. This Court found that de Beer accepted the 2025 CBSA — including the arbitration agreement carried forward from 2023 — by continuing to use its Truist account after the notice, and on that basis granted Truist's motion to compel arbitration and stayed this action as to Truist on May 26, 2026. (Dkt. No. 34 at 4–7.)

**<u>RESPONSE</u>: Truist objects to this statement as untimely and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(b), which states that "[t]he Court will not consider any fact . . . (b) supported by a citation to a pleading rather than to evidence[.]" Truist states that the Court's Order speaks for itself. Truist disputes de Beer's characterization of the Court's Order to the extent it is inconsistent with the Order.**

12. The record does not reflect, and Truist did not represent to the Court, that the 2025 CBSA notice or its arbitration terms expressly excluded, or were limited so as not to reach, claims that had already accrued or were already known to Truist as of the notice's effective date. (Dkt. Nos. 13, 16, 34.)

**<u>RESPONSE</u>: Truist objects to this statement as untimely and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(b), which states that "[t]he Court will not consider any fact . . . (b) supported by a citation to a pleading rather than to evidence[.]" Truist states that de Beer did not make this argument in either its response in opposition to Truist's Motion to Compel (Doc. 15) or its sur-reply (Doc. 30), so Truist did not respond to it. Truist responds to de Beer's arguments in its Response in Opposition to de Beer's Motion to Vacate (Doc. 37).**

13. No evidence previously before the Court addressed the persuasive case law, discussed in Plaintiff's contemporaneous Brief in Support, holding that a bank or employer may not use a general change-of-terms or amendment provision to impose a new or continued arbitration obligation reaching claims that have already accrued or become known to the drafter. (Dkt. Nos. 15, 30, 34.)

**<u>RESPONSE</u>: Truist objects to this statement as untimely and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(b), which states that "[t]he Court will not consider any fact . . . (b) supported by a citation to a pleading rather than to evidence[.]" Truist states that de Beer did not present such case law in either its response in opposition to Truist's Motion to Compel (Doc. 15) or its sur-reply (Doc. 30), so Truist did not**

**respond to it. Moreover, Truist objects to de Beer's untimely and procedurally improper efforts to do so through its Motion to Vacate. Truist incorporates by reference its Response in Opposition to de Beer's Motion to Vacate (Doc. 37).**

**C. Truist's Post-Order Conduct and August 25, 2026 Notice**

14. Since the entry of the May 26, 2026 Order, the record contains no filing, notice, or representation by Truist that it has served a Notice of Pre-Arbitration Dispute, initiated an informal dispute resolution conference, filed a demand with the American Arbitration Association, or otherwise taken any step to advance arbitration of de Beer's claims. (CM/ECF Docket, 3:25-cv-00256-LMM, entries through August 27, 2026.)

**<u>RESPONSE</u>: Truist objects to this statement as untimely and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1) because it is not "supported by a citation to evidence (including page or paragraph number)". Truist incorporates by reference its Response in Opposition to de Beer's Motion to Vacate (Doc. 37).**

15. On or about August 25, 2026 — approximately three months after obtaining the stay — Truist issued a new notice titled "Important update to the Truist Online and Mobile Banking Business Service Agreement."

(260825 Email re Important Update to the Truist Online and Mobile Banking Business Service Agreement.)

**RESPONSE: Truist objects to this statement as untimely and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(a) because it is "not supported by a citation to evidence (including page or paragraph number)". While de Beer appears to include a reference to an email, this email is not submitted as evidence on this record or otherwise properly before the Court. Truist further objects to this statement as immaterial and irrelevant to the legal issues raised in de Beer's Motion to Vacate. Truist incorporates by reference its Response in Opposition to de Beer's Motion to Vacate (Doc. 37).**

16. Unlike the 2025 CBSA notice Truist relied upon in this action, the August 25, 2026 notice is not retroactive. (Id.)

**RESPONSE: Truist objects to this statement as untimely and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(a) because it is "not supported by a citation to evidence (including page or paragraph number)". While de Beer appears to include a reference to an "August 25, 2026 notice," this document is not submitted as evidence on this record or otherwise properly before the Court. Truist further objects to this statement as immaterial and irrelevant to the legal issues raised in de Beer's**

**Motion to Vacate. Truist incorporates by reference its Response in Opposition to de Beer's Motion to Vacate (Doc. 37).**

17. The August 25, 2026 notice does not condition a customer's continued banking relationship, or the availability of favorable account terms, on acceptance of the amendment in the manner the 2025 CBSA notice was represented to have done. (Id.)

**RESPONSE: Truist objects to this statement as untimely and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(a) because it is "not supported by a citation to evidence (including page or paragraph number)". While de Beer appears to include a reference to an "August 25, 2026 notice," this document is not submitted as evidence on this record or otherwise properly before the Court. Truist further objects to this statement as immaterial and irrelevant to the legal issues raised in de Beer's Motion to Vacate. Truist incorporates by reference its Response in Opposition to de Beer's Motion to Vacate (Doc. 37).**

**D. Procedural Posture**

18. The May 26, 2026 Order granted Truist's Motion to Compel Arbitration and to Dismiss or Stay and stayed — rather than dismissed — de Beer's claims against Truist pending arbitration. (Dkt. No. 34 at 7.)

**<u>RESPONSE</u>: Truist objects to this statement as untimely and procedurally improper. Truist objects to this statement as violative of L.R. 56.1(B)(1)(b), which states that "[t]he Court will not consider any fact . . . (b) supported by a citation to a pleading rather than to evidence[.]" Truist states that the Court's Order speaks for itself. Truist disputes de Beer's characterization of the Court's Order to the extent it is inconsistent with the Order.**

19. No final judgment has been entered as to de Beer's claims against Truist. (CM/ECF Docket, 3:25-cv-00256-LMM.)

**<u>RESPONSE</u>: Truist objects to this statement as untimely and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(a) because it is "not supported by a citation to evidence (including page or paragraph number)". Truist states that the parties agreed to and the Court has ordered the parties to resolve their dispute in arbitration and Plaintiff has not yet initiated arbitration.**

20. Truist's own Motion for Reconsideration of a related, earlier order (Dkt. No. 33) and related Motion for Leave to File Sur-Surreply (Dkt. No. 32) were both denied as moot following entry of the May 26, 2026 Order, and neither addressed the accrued-claim/illusory-promise authority or Truist's post-order conduct at issue in the instant Motion. (Dkt. No. 35.)

**<u>RESPONSE</u>: Truist objects to this statement as immaterial to the legal issues raised by the Motion to Vacate, it is untimely, and procedurally improper. Truist further objects to this statement as violative of L.R. 56.1(B)(1)(b), which states that "[t]he Court will not consider any fact . . . (b) supported by a citation to a pleading rather than to evidence[.]" Truist states that the Court's May 27, 2026 Order (Doc. 35) speaks for itself. Truist states that de Beer did not present such case law in either its response in opposition to Truist's Motion to Compel (Doc. 15) or its sur-reply (Doc. 30), so Truist did not respond to it. Moreover, Truist objects to de Beer's untimely and procedurally improper efforts to do so through its Motion to Vacate. Truist incorporates by reference its Response in Opposition to de Beer's Motion to Vacate (Doc. 37).**

Respectfully submitted, this 24th day of September, 2026.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*<u>/s/ Nancy H. Baughan</u>*
Nancy H. Baughan
Georgia Bar No. 042575
Rachel C. Bramblett
Georgia Bar No. 896738
Promenade Tower, Suite 2000
1230 Peachtree Street N.E.
Atlanta, Georgia 30309
Telephone: (404) 868-2100
Email: nbaughan@bradley.com
rbramblett@bradley.com

*Counsel for Defendant Truist Bank*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served a copy of the within and foregoing **DEFENDANT TRUIST BANK'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION TO VACATE ORDER COMPELLING ARBITRATION AND LIFT STAY** upon all parties of record to this matter by filing same with the Clerk of Court using the Court's eFile system which will send email notification to all parties of record in this action.

This 24th day of September, 2026.

*/s/ Nancy H. Baughan*
Nancy H. Baughan