IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| BASKLOOFS STONE, INC., *doing business as* Debeer Granite & Marble, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 3:25-CV-00256-LMM |
| TRUIST BANK, INC., et al., | : | |
| Defendants. | : | |

**ORDER**

This case comes before the Court on Plaintiff's Motion to Vacate Order on Motion to Compel [36]. Defendant Truist Bank, Inc. filed a response. Dkt. No. [37]. After due consideration, the Court enters the following Order.

## I. BACKGROUND

This case involves allegations of a fraudulent wire transfer on April 23, 2025, made by a third party out of Plaintiff's accounts, which Plaintiff keeps with Defendant Truist Bank, Inc. ("Truist"). Dkt. No. [1]. In the Complaint, Plaintiff asserts claims against Truist for negligence, gross negligence, breach of fiduciary duty, and attorneys' fees. Id. Truist moved to dismiss or stay the case and compel arbitration, arguing that the parties' agreement requires that any dispute between them be submitted to arbitration. Dkt. No. [13]. On May 26, 2026, the Court

granted Truist's Motion and stayed Plaintiff's claims against Truist pending resolution of the arbitration of the parties' claims. Dkt. No. [34]. On September 10, 2026, Plaintiff moved to vacate that Order. Dkt. No. [36]. Truist filed a response, opposing Plaintiff's Motion. Dkt. No. [36]. Plaintiff did not reply. After setting forth the applicable legal standard, the Court will address the parties' arguments in turn.

## II. LEGAL STANDARD

Under the Local Rules of this Court, motions for reconsideration "shall not be filed as a matter of routine practice," but rather, only when "absolutely necessary." LR 7.2(E), NDGa. Appropriate grounds for reconsideration include: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. See Hood v. Perdue, 300 F. App'x 699, 700 (11th Cir. 2008) (citing Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996)). A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (citing Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)).

Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the

litigation." Adler v. Wallace Comput. Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001). "A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's Hist., 916 F. Supp. at 1560. The burden is on the movant to establish the "extraordinary circumstances supporting reconsideration." Gold Cross EMS, Inc. v. Childs. Hosp. of Ala., 108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015) (quoting Prescott v. Alejo, No. 2:09-cv-791, 2010 WL 2670860, at *1 (M.D. Fla. July 2, 2010)).

## III. DISCUSSION

Plaintiff asks the Court to vacate its prior Order compelling arbitration. Dkt. No. [36-1]. Specifically, Plaintiff argues that (A) the arbitration provision was retroactively imposed on an already-accrued, already-known claim, and is illusory and unenforceable under the weight of authority not previously presented to the Court and (B) Truist's three months of inaction following the stay confirms it was never in good faith pursuit of arbitration. Id. at 9–15. Truist responds, asserting that Plaintiff identifies no basis to disturb the Court's prior Order. Dkt. No. [37]. The Court agrees with Truist that reconsideration is not warranted here.

First, Plaintiff argues that persuasive authority supports the argument that the arbitration provision is unenforceable.[1] Dkt. No. [36-1] at 9–14. However, this

---

[1] Additionally, Plaintiff argues that "Truist's own August 25, 2026, notice corroborates that the 2025 notice was contrived to reach this dispute." Dkt. No.

is not proper grounds for reconsideration because none of the authority is binding on this Court and all the authority that Plaintiff now presents to the Court predates this dispute and was thus available. Plaintiff may not use a motion for reconsideration "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation," which Plaintiff has not done. Adler, 202 F.R.D. at 675. Although Plaintiff's arguments are improperly presented, the Court nevertheless finds no reason to reconsider its prior decision. As the Court previously noted, "this is not a case where (a) an arbitration agreement was added or (b) the rights of Plaintiff were hampered by modifications. Rather, the terms added to the arbitration agreement were favorable to Plaintiff." Dkt. No. [34] at 6. Therefore, the Court declines to reconsider its decision on these grounds.

Next, Plaintiff argues that Truist's three months of inaction following the stay confirms it was never in good faith pursuit of arbitration. Dkt. No. [36-1] at 14–15. However, Plaintiff has identified no activity by Truist indicating a refusal to participate in arbitration, and Truist notes that Plaintiff does not "explain why it failed to comply with its obligation to serve a Notice of Pre-Arbitration Dispute or request the informal conference required by the 2025 CBSA at any point in the

---

[36-1] at 13–14. However, the Court agrees with Truist that this "notice that was issued in August 2026 relating to online and mobile banking has no bearing on the arbitration agreement that existed in May 2026 when the Court issued its Order." Dkt. No. [37] at 15.

last three months." Dkt. No. [37] at 14. And Truist argues that it is Plaintiff who bears the responsibility for initiating the pre-arbitration process. Id. Regardless, the Court finds that such grounds do not warrant reconsideration of, or vacating, the Court's prior Order.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion to Vacate Order on Motion to Compel [36] is **DENIED**.

**IT IS SO ORDERED** this 6th day of November, 2026.

**Leigh Martin May**
**Chief United States District Judge**